IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**NORMAN THURBER**                                                                            **PLAINTIFF**

V.                          **NO. 4:22-CV-00232-BRW**

**UNITED STATES MARSHAL
SERVICE,** *et al.*                                                            **DEFENDANTS**

## ORDER

Plaintiff Norman Thurber moves to amend his complaint.[1] He asks to add claims under both the Federal Tort Claims Act ("FTCA") and *Bivens* as well as to add the United States, the Department of Justice, the Arkansas Attorney General, Pulaski County, the Pulaski County Sheriff, and a Dr. Cook, who provides medical care to detainees of the Pulaski County Regional Detention Facility. Mr. Thurber asks that I reconsider his motion for the appointment of counsel. Finally, Mr. Thurber moves to clarify the nature of his illness and argue that his FTCA allegation rests on a theory of negligence.[2] Mr. Thurber's motion to clarify (Doc. No. 24) is granted and, for the reasons stated below, his motion to amend (Doc. No. 23) is denied.

First, Mr. Thurber's motion to add a *Bivens* claim is moot. He already has existing *Bivens* claims against the only two named federal defendants, U.S. Marshals Long and Peckham. Therefore, such an amendment is unnecessary.

Mr. Thurber's request to add claims under the FTCA also fails. A FTCA allegation cannot be brought against an individual federal employee or federal agency; it can only be brought against the United States.[3] However, I have no jurisdiction to address a FTCA allegation until administrative remedies have been exhausted.[4] Mr. Thurber has not made such a showing.

---

[1] Motion to Amend, Doc. No. 23.
[2] Motion to Clarify., Doc. No. 24.
[3] 28 U.S.C. § 1346(b)(1).
[4] 28 U.S.C. § 2675(a).

Therefore, his motion to amend his complaint to add a FTCA allegation is denied as is his request to add the United States as a defendant.

Mr. Thurber's motion to add Arkansas Attorney General Leslie Rutledge and the Department of Justice as defendants is denied. A suit against Attorney General Rutledge in her official capacity is the equivalent of a suit against the State of Arkansas, which is barred by the Eleventh Amendment.[5] And, I have already dismissed the Department of Justice as a defendant, and Mr. Thurber has given me no reason to reconsider that ruling.[6]

Mr. Thurber next asks to add as defendants Pulaski County, the Pulaski County Sheriff, and a Dr. Cook, who he contends provides medical care to detainees at the Pulaski County Regional Detention Facility. Mr. Thurber makes no allegations against either Pulaski County or its Sheriff; therefore his motion to add those defendants is denied.[7] In contrast, Mr. Thurber argues that Dr. Cook was aware of Mr. Thurber's medical needs but ignored them until Mr. Thurber went on a three-day hunger strike to draw Dr. Cook's attention to him.[8] Because Mr. Thurber has not stated in what capacity he is suing Dr. Cook, it is assumed that he is sued in his official capacity.[9] However, a suit against Dr. Cook is akin to a suit against his employer. According to Mr. Thurber, Dr. Cook is an employee of the Pulaski County Regional Detention Facility. However, the PCRDF can only be held liable for Dr. Cook's actions if an existing government policy or custom deprived him of a federal right.[10] Mr. Thurber has not met this pleading burden. Therefore, Mr. Thurber's motion to add Dr. Cook is denied.

---

[5] *Nix v. Norman*, 879 F.2d 429, 431-32 (8th Cir. 1989).
[6] Order, Doc. No. 6 at 6-7.
[7] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007).
[8] Motion, Doc. No. 23 at 2.
[9] *Johnson v. Outboard Marine Corp.*, 172 F3. 531, 535 (8th Cir. 1999).
[10] *Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978).

Mr. Thurber next asks that I either allow him to appeal the denial of the appointment of counsel or reconsider my order. I will do neither. As I have already explained, a civil litigant has no constitutional or statutory right to counsel, and the decision whether to make an appointment is within my discretion.[11] And, because he has no right to counsel, my order denying the same is not a final appealable order. I am sensitive to Mr. Thurber's medical situation; however, the case is young, and the alleged facts and the relevant law not so complex as to warrant the appointment of counsel at this stage. Accordingly, I deny the motion to appoint counsel without prejudice. If Mr. Thurber makes it past the motion to dismiss stage (or if Defendants choose not to file a motion to dismiss), he is free to renew his motion for appointment of counsel.

IT IS SO ORDERED this 10th day of May 2022.

Billy Roy Wilson  
UNITED STATES DISTRICT JUDGE

---

[11] Order. Doc. 8.